In the Matter of the Claim of FRED J. PRATT, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board holding that the claimant was ineligible for unemployment insurance benefits in New York State. The claimant is a resident of Connecticut. He was employed as a demonstrator of a product used for the cleaning of eyeglasses. The Sydney Sales Agency of Chicago, Illinois, had made an arrangement with the F. W. Woolworth Company to carry the product in its stores and to hire demonstrators recommended by the Sales Agency. The Sales Agency worked out schedules for the employment of demonstrators with the district managers of the Woolworth stores. Pursuant to these schedules, the Sales Agency sent the claimant to various Woolworth stores in nine States. He signed a separate application for employment at each store; it was entirely within the discretion of the local store manager whether to hire him, and he was at all times subject to the direction and control of the local manager. Upon at least one occasion, he was discharged by the local manager prior to the expiration of the period of the contemplated employment. The claimant was paid a salary of $40 per week by the local store, plus 2% of sales. The claimant's transportation and hotel expenses were paid by the Sydney Sales Agency. The claimant worked for twenty-three weeks during the base period in Woolworth stores but he worked only five weeks in stores located in New York State. The board found that the claimant was ineligible for benefits because he had not worked for a total period of twenty weeks within the State of New York in the fifty-two-week period preceding the filing of his claim. It is the claimant's theory that his total employment should be regarded as a New York employment under paragraph (b) of subdivision 3 of section 511 of the Labor Law, because he was employed by the Woolworth Company which has its headquarters in New York City and his service was therefore "directed or controlled" from a place in New York State. We believe that the board correctly rejected this theory. As the board found, the claimant's employment in each store was a separate employment and therefore service outside of New York State cannot be added to that within the State under subdivision 3 of section 511. Furthermore, even if all the employment at Woolworth stores were regarded as a single employment, it was not directed or controlled from any place in New York State. The New York headquarters of the Woolworth Company did not control the assignment of the claimant to various stores. The assignment was made by the Sydney Sales Agency of Chicago, and, if the claimant's employment was directed or controlled from any one point, it was from Chicago rather than New York. In view of the fact that the Sydney Sales Agency prepared its schedules in consultation with the district managers, it might be argued that the claimant's employment in various stores within a single Woolworth store district was directed or controlled from the district office. But even upon this theory, the claimant would not be eligible for benefits in New York State since he did not have twenty weeks of employment within districts which had their headquarters in the State of New York. It appears that he worked in the Albany district and in the Manhattan district but his total employment in stores in those districts, including stores outside New York State, did not exceed nine weeks. It should be noted that this is not an interstate combined wage claim under section 536 of the Labor Law. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See post, p. 1210.]